FREDERICK H. ELIAS, ANNA LESOFSKY, HENRY CZEIKE, ANDREW L. CORVEY, JOSEPH SPIELVOGEL, HARRY LEFKOFF, BARNETT FRIEDMAN, LENA BLOCK, Respondents, v. MANUFACTURERS TRUST COMPANY, Appellant.— Resettled order granting in part, and denying in part, that part of defendant's motion to strike out certain paragraphs and allegations of the amended complaint, and denying that part of defendant's motion to dismiss the causes of action for insufficiency and misjoinder, modified by inserting before the words " and in all other respects the motion of the defendant is denied," the following: " from the Elias complaint are struck out paragraph 3, that part of paragraph 5 thereof reading ' by giving an order to the defendant Trust Company to draw said sum from plaintiff's savings account in said Trust Company;' all of paragraph 14 thereof except the first sentence; the re-allegation of paragraph 3 thereof in paragraph 19, and so much of paragraph 34 thereof as reads ' and in not disclosing all the facts in its possession about the organization of the Company, the profit to it for selling the gold notes and the facts showing the value of the securities in its possession as Trustee;' from the complaints of Corvey, Lesofsky, Czeike, Spielvogel, Lefkoff, and Friedman are struck out paragraph 2, all of paragraph 9 except the first sentence, and the re-allegation of paragraph 2 in paragraph 11; from the Block complaint are struck out the first sentence of paragraph 2, so much of paragraph 3 as reads ' by giving an order to the defendant Trust Company to draw said sum from plaintiff's savings account in said Trust Company,' and all of paragraph 8 except the first sentence; from the complaints of Spielvogel and Czeike is struck out so much of paragraph 4 as reads ' by giving an order to the defendant to draw said sum from plaintiff's savings account in said Trust Company;' from the complaint of Corvey is struck out so much of para-

graph 4 as reads ' by giving an order to the defendant to draw said sum from plaintiff's account in said Trust Company;' from the complaint of Lesofsky is struck out so much of paragraph 4 as reads ' part of which money was drawn from a savings account in said Trust Company;' from the complaint of Lefkoff is struck out so much of paragraph 4 as reads ' by giving an order to the defendant Trust Company to draw said sum from plaintiff's savings account in said Trust Company'; from the complaint of Friedman is struck out so much of paragraph 4 as reads ' by giving an order to the defendant Trust Company to draw said sum from plaintiff's account in said Trust Company.' " As so modified, the order, so far as appealed from, is affirmed, without costs, with leave to defendant to answer within twenty days from the entry of the order hereon. We are of opinion that the status of plaintiffs as depositors is immaterial with respect to the relationship of seller and purchaser and that the defendant was under no duty to disclose the existence of liens prior to the collateral mortgage, its relationship with Jacobs, all of the facts relating to the organization of the maker of the notes, or the profit accruing to it from the sale thereof. The failure of defendant to file a dealer's license is also irrelevant to the causes of action alleged. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.